UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANH LAI NGOC NGUYEN, | Case No.  1:26-cv-03944-JLT-HBK (HC) |
| Petitioner, | ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* |
| v. | |
| WARDEN OF THE GEO GOLDEN STATE ANNEX, et al., | (Doc. 3) |
| Respondents. | ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE |
| | (Doc. 2) |

Pending before the Court are pro se Petitioner's motion to proceed *in forma pauperis* (Doc. 3) and motion to appoint counsel (Doc. 2), both filed on May 22, 2026.  Petitioner, who currently is detained by Immigration and Customs Enforcement, has pending a petition for writ of habeas corpus filed under 28 U.S.C. § 2241, also docketed on May 22, 2026.  (Doc. 1, "Petition").  Petitioner is an immigrant detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the Golden State Annex Detention Center in McFarland, California asserting claims that (1) his continued detention under 8 U.S.C. § 1231 is a violation of the due process clause of the Fifth Amendment because there is not a significant likelihood he will be removed in the reasonably foreseeable future; (2) any attempt by Respondents to remove him to a third country is a violation of the Fifth Amendment due process clause, the Eighth Amendment, 8

U.S.C. § 1231, the Convention Against Torture, and the Administrative Procedure Act; and (3) because he was previously released from post-final order detention, his continued detention violates due process under the Fifth Amendment, 8 C.F.R. § 241.13, and the Administrative Procedure Act. (*Id*. at 13-18). As relief, the Petition seeks, *inter alia*, immediate release from custody, and an Order that Respondents may not remove or seek to remove Petitioner to a third country without notice and meaningful opportunity to respond in compliance with the statute and due process. (*Id*. at 19).

First, Petitioner's declarations in the motion to proceed *in forma pauperis* satisfy the requirements under 28 U.S.C. § 1915. (Doc. 3). Thus, the application to proceed *in forma pauperis* will be granted.

Second, Petitioner seeks appointment of counsel due to "the complexity of the law on immigration" and his belief that his Petition has a "strong chance of success." (Doc. 2). As a threshold matter, there is no automatic, constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require." *Id*. at § 3006A(a)(2)(B); see also *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). To make this assessment, courts consider a petitioner's (a) "likelihood of success on the merits" and (b) "ability ... to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Alternatively, the Rules Governing Section 2254 Cases in the United States District Courts[1] require the court to appoint counsel: (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted. *Id*. at Rs. 6(a) and 8(c); *see also Terrovona v. Kincheloe*, 912 F.2d 1176, 1881 (9th Cir. 1990).

---

[1] The Rules governing section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. *See Id*., R. 1(b).

As to the likelihood of success, Petitioner contests his current detention pending removal proceedings.  To better ascertain the basis of Petitioner's detention and evaluate Petitioner's due process claim, the Court will direct Respondent to respond to the Petition, which is not yet due.  Consequently, the Court does not find that Petitioner can show a likelihood of success of the merit at this early stage of the proceedings.  Additionally, when directing Respondent to respond to the Petition the Court directed Respondent to attach any records necessary for considering the Petition.  Thus, it is not clear whether any discovery or an evidentiary hearing is necessary until the Court reviews the record.

Finally, although Petitioner cites to the complexity of immigration laws, Petitioner was able to competently file his 35-page habeas petition, with attachments.  As a result, Court finds the circumstances of this case presently do not indicate that appointed counsel is necessary to prevent due process violation.

Accordingly, it is ORDERED:

1.  Petitioner's motion to proceed *in forma pauperis* (Doc. 3) is GRANTED.

2.  Petitioner's motion for appointment of counsel (Doc. 2) is DENIED without prejudice.

Dated:     June 2, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3