# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANH LAI NGOC NGUYEN,<br><br>Petitioner,<br><br>v.<br><br>GEO GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-03944-JLT-EPG-HC<br><br>ORDER DIRECTING RESPONDENT TO INFORM COURT REGARDING PETITIONER'S CURRENT CUSTODY STATUS |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 that challenges his immigration detention. (ECF No. 1.)

A search of the U.S. Immigration and Customs Enforcement's ("ICE") Online Detainee Locator System using Petitioner's A-Number produces zero results. See ICE Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last visited Sept. 19, 2026).

The Court has "an independent duty to consider *sua sponte* whether a case is moot." Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (citing Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999)). The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

It appears that Petitioner may no longer be in ICE custody and may have been removed from the United States, which would moot his pending habeas petition. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (finding habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention").

Accordingly, IT IS HEREBY ORDERED that within seven (7) days of the date of service of this order, Respondent SHALL inform the Court of Petitioner's current custody status and file any supporting documentation.

IT IS SO ORDERED.

Dated: **September 21, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE