# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANH LAI NGOC NGUYEN,<br>Petitioner,<br>v.<br>GEO GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-03944-JLT-EPG-HC<br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DIRECT RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER |

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the undersigned recommends that the petition for writ of habeas corpus be granted and Respondents be directed to immediately release Petitioner.

## I.

## BACKGROUND[1]

Petitioner is a citizen of Vietnam who was admitted to the United States as a lawful permanent resident on September 27, 1991. On or about July 6, 2001, an immigration judge ("IJ") ordered Petitioner removed from the United States to Vietnam. Nguyen v. Warden of the Golden State Annex Det. Facility, No. 1:26-cv-00350-JLT-EPG-HC, 2026 WL 629729, at *1

[1] As the pleadings in the instant matter lack allegations regarding the factual background, the Court relies on Petitioner's earlier-filed case for this summary.

(E.D. Cal. Mar. 6, 2026), report and recommendation rejected on other grounds, 2026 WL 962616 (E.D. Cal. Apr. 9, 2026). Petitioner has a lengthy criminal history and has been in U.S. Immigration and Customs Enforcement ("ICE") custody on several prior occasions, each time ending in his release on supervision. The last order of supervision in the record dates to 2013 and contains a standard provision prohibiting him from committing any crimes while subject to the order. Nguyen, 2026 WL 962616, at *1.

In 2021 Petitioner sustained a state law conviction in Arizona for transporting methamphetamine and was sentenced to five years in jail. On November 24, 2025, ICE re-detained Petitioner. On December 2, 2025, a notice of revocation was issued, indicating that Petitioner's re-detention was based upon a determination that his 2021 conviction constituted a violation of the terms of his supervision. Nguyen, 2026 WL 962616, at *1.

On January 16, 2026, Petitioner filed his first petition for writ of habeas corpus, which was denied without prejudice by this Court on April 9, 2026 because 8 C.F.R. § 241.13(i)(1) "specifically permits ICE to re-detain Petitioner for violating the conditions of his release for an 'additional' six months, notwithstanding any prior periods of incarceration" and "there is no suggestion that Respondents' assertion of a violation is pretextual. Nor has the Court identified any authority suggesting that Petitioner has an independent constitutional right to release prior to the expiration of the renewed six-month period." Nguyen, 2026 WL 962616, at *2.

On May 22, 2026, Petitioner filed his second petition for writ of habeas corpus raising the following claims for relief: (1) his continued detention violates due process and Zadvydas because there is no significant likelihood that Petitioner will be removed in the reasonably foreseeable future; (2) Respondents' third country policy violates due process, the Immigration and Nationality Act, the Convention Against Torture, and implementing regulations; (3) Respondents' third country policy violates the Fifth and Eighth Amendments; and (4) Petitioner's re-detention violates the Fifth Amendment, 8 C.F.R. § 241.13, and the Administrative Procedure Act. (ECF No. 1.) On July 23, 2026, Respondents filed a response. (ECF No. 14.) On August 3, 2026, Petitioner filed a reply. (ECF No. 16.)

\\\

## II.

## DISCUSSION

Congress has enacted a complex statutory scheme governing the detention of noncitizens during removal proceedings and following the issuance of a final order of removal. “Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention.” Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

“Section 241(a) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1231(a), authorizes the detention of noncitizens who have been ordered removed from the United States.” Johnson v. Arteaga-Martinez, 596 U.S. 573, 575 (2022). “In particular, § 1231(a)(6) provides that after a 90-day ‘removal period,’[2] a noncitizen ‘may be detained’ or may be released under terms of supervision.” Arteaga-Martinez, 596 U.S. at 575. “After the removal period expires, the Government ‘may’ detain only four categories of people: (1) those who are ‘inadmissible’ on certain specified grounds; (2) those who are ‘removable’ on certain specified grounds; (3) those it determines ‘to be a risk to the community’; and (4) those it determines to be ‘unlikely to comply with the order of removal.’” Id. at 578–79 (quoting 8 U.SC. § 1231(a)(6)).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court addressed a challenge to prolonged detention under § 1231(a)(6) by noncitizens who “had been ordered removed by the government and all administrative and judicial review was exhausted, but their removal could not be effectuated because their designated countries either refused to accept them or the United States lacked a repatriation treaty with the receiving country.” Prieto–Romero, 534 F.3d at 1062 (citing Zadvydas, 533 U.S. at 684–86). The Supreme Court “read an implicit limitation” into the statute “in light of the Constitution’s demands,” holding that § 1231(a)(6) does not authorize

[2] “The removal period begins on the latest of three dates: (1) the date the order of removal becomes ‘administratively final,’ (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the alien is released from non-immigration detention or confinement.” Johnson v. Guzman Chavez, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(B)). “During the removal period, detention is mandatory.” Guzman Chavez, 594 U.S. at 528 (citing 8 U.S.C. § 1231(a)(2)).

indefinite detention and "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas, 533 U.S. at 689.

> After [a presumptively reasonable] 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Zadvydas, 533 U.S. at 701.

"This case is not about ICE's authority to detain in the first place upon an issuance of a final order of removal as in *Zadvydas*." Nguyen v. Hyde, 788 F. Supp. 3d 144, 149 (D. Mass. 2025). "Specific regulations, 8 C.F.R. §§ 241.13(i) and 241.4(l), govern how and when ICE may revoke the release of a noncitizen who has been ordered removed." Yan-Ling X. v. Lyons, 813 F. Supp. 3d 1157, 1162 (E.D. Cal. 2025).

**A. 8 C.F.R. § 241.13(i)(1)**

This Court previously found that Petitioner's detention was authorized under 8 C.F.R. § 241.13(i)(1). Nguyen, 2026 WL 962616, at *2. "The plain meaning of the provision that '[t]he alien may be continued in detention *for an additional six months*' limits detention based on a violation of the Order of Supervision to six months." Banos-Jiron v. Lyons, No. 1:26-cv-00716-KES-CDB (HC), 2026 WL 972527, at *4 (E.D. Cal. Apr. 10, 2026) (quoting 8 C.F.R. § 241.13(i)(1)). As Petitioner has been detained for ten months, "his criminal history does not automatically justify his present detention." Pedro V.L. v. Warden, No. 1:26-cv-05261-JLT-EGC (HC), 2026 WL 2607611, at *1 (E.D. Cal. Sept. 3, 2026) (finding continued detention for more than eight months not authorized by § 241.13(i)(1)). Accordingly, the undersigned recommends finding that Petitioner's continued detention is no longer authorized by 8 C.F.R. § 241.13(i)(1).

\\\

**B. Likelihood of Petitioner's Removal**

"[W]hen ICE revokes release to effectuate removal, 'it is [ICE's] burden to show a significant likelihood that the alien may be removed.'" Yan-Ling X., 813 F. Supp. 3d at 1163 (first alteration added) (quoting Escalante v. Noem, No. 9:25-CV-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)).

On April 30, 2026, Respondents applied to the Embassy of Vietnam for travel documents for Petitioner. (ECF No. 14 at 6–7.) On June 5, 2026, Petitioner participated in an interview with Vietnamese government officials. (Id. at 1.) Respondents argue that "[b]ecause travel documents have recently been submitted for the Petitioner, removal is reasonably foreseeable[.]" (Id. at 2.) The Court notes that five months have passed since the application for travel documents was submitted and no travel documents have issued. This Court has found removal is not reasonably foreseeable when there has been no response to a travel document application after three months. Kovalchuk v. Martinez, No. 1:26-CV-00978 JLT FJS (HC), 2026 WL 1179736 (E.D. Cal. Apr. 30, 2026). See Tran v. Warden, California City Corr. Ctr., No. 1:26-CV-04098-DAD-CKD (HC), 2026 WL 2099295, at *3 (E.D. Cal. July 21, 2026) (finding government failed to satisfy burden when no travel documents from Vietnam had issued after five months).

Accordingly, Respondents have failed to satisfy their burden that changed circumstances have made Petitioner's removal significantly likely in the reasonably foreseeable future as required by 8 C.F.R. § 241.13(i). Therefore, the undersigned recommends finding that Petitioner's immediate release from custody is warranted.[3] See Pedro V.L., 2026 WL 2607611, at *2; Tran, 2026 WL 2099295, at *4.

**C. Third Country Removal**

In Grounds Two and Three, Petitioner challenges Respondents' third country removal policy as unlawful and in violation of due process. The record before this Court at this time indicates that Respondents intend to remove Petitioner to Vietnam, not a third country, consistent with the final order of removal. Accordingly, the undersigned recommends finding that habeas relief is not warranted on these grounds. See Gevorgyan v. Noem, No. 5:25-CV-03408-SRM-

[3] In light of this conclusion, the Court declines to address Petitioner's Zadvydas claim.

ADS, 2026 WL 20902, at *5 (C.D. Cal. 2026) (finding "Petitioner's third-country removal claim is not constitutionally ripe" because officer "attests that ICE intends to remove him to Armenia and that no request for removal to a third country has been made," and "there is no evidence . . . that suggests ICE intends to remove him to a country other than Armenia"); Uzzhina v. Chestnut, No. 1:25-CV-01594-DAD-SCR, 2025 WL 3458787, at *2 (E.D. Cal. Dec. 2, 2025) ("The court will deny without prejudice this request for temporary injunctive relief because the evidence before the court at this time is that respondents intend to remove petitioner to either Russia or Kazakhstan, not a third country.").

**III.**

**RECOMMENDATION**

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be GRANTED on Ground Four.
2. Respondents be directed to immediately release Petitioner from custody under appropriate conditions.
3. Respondents be enjoined and restrained from re-detaining Petitioner pursuant to 8 C.F.R. § 241.13(i)(2) unless there are material changed circumstances and a neutral decisionmaker determines that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the

right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 30, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE