**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THANH LAI NGOC NGUYEN,<br>Petitioner,<br>v.<br>GEO GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-03944 JLT EPG (HC)<br>A-Number: 042-531-682<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br>(Docs. 1, 23) |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On September 30, 2026, the magistrate judge issued findings and recommendations to grant the petition and direct Respondents to immediately release Petitioner. (Doc. 23.) That same day, Respondents filed timely objections, in which they reiterate their previous objections. (Doc. 24.) According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes the findings and recommendations are supported by the record and proper analysis.

Petitioner has criminal record, including two convictions that predate his 2001 removal order. (Doc. 14 at 10–11.) He has been in ICE custody on several occasions, each time resulting in a release on supervision, the last of which dates to 2013 and contained a standard provision prohibiting him from committing crimes. (Doc. 23 at 2.) In 2021, he sustained a conviction for

transporting methamphetamine which resulted in a five-year jail sentence. (*Id.*) ICE took Petitioner into custody on November 24, 2025. As this Court previously concluded in denying his earlier habeas petition, ICE could revoke Petitioner's supervision and keep him in custody for at least six months because the 2021 conviction was a violation of the terms of his 2013 release. (*Id.* at 23 (citing 8 C.F.R. § 241.13(i)(1).) The magistrate judge also correctly points out (Doc. 23 at 5) that because Petitioner was previously released on supervision, it is Respondents' burden to demonstrate changed circumstances related to the likelihood of removal now that the initial six-month detention period authorized by § 241.13(i)(1) has expired. *See Yan-Ling X. v. Lyons*, 813 F. Supp. 3d 1157, 1163 (E.D. Cal. 2025).

Respondents have failed to meet their burden. Though they applied for travel documents on April 30, 2026, (Doc. 14 at 6–7), almost six months have passed with no further developments. They do not present any evidence estimating when Vietnam might process that application or whether it is likely to accept repatriation of an individual with Petitioner's history. Numerous district courts have granted habeas relief to Vietnamese detainees under related circumstances. *See Nguyen v. Johnson*, No. 5:26-CV-03149-KES, 2026 WL 2337569, at *6 (C.D. Cal. Aug. 12, 2026) (collecting cases). Therefore, despite Petitioner's significant criminal record, it appears that Respondents have failed to take any serious action to remove Petitioner, or to explain their intentions. Because Respondents have failed to demonstrate that removal is reasonably foreseeable, the Court has no choice but to find that Petitioner can no longer be detained and must be released on appropriate conditions of supervision.[1]

Thus, the Court **ORDERS**:

1. The findings and recommendations issued on September 30, 2026 (Doc. 23) are

---

[1] Respondents also argue that Petitioner should be required to exhaust his administrative remedies by requesting that the Headquarters Post-order Detention Unit review his case to determine whether his removal is likely. (Doc. 14 at 2 (citing 8 C.F.R. § 241.13).) Under the circumstances, the Court finds that the prudential exhaustion requirement should be waived as it would be futile to seek release by administrative procedures, given Respondents' position that Petitioner is subject to continued detention *See El Rescate Legal Servs. v. Exec. Office of Immigration Review*, 959 F.2d 742, 747-48 (9th Cir. 1991) ("[W]here the agency's position on the question at issue appears already set, and it is very likely what the result of recourse to administrative remedies would be, such recourse would be futile and is not required.").

**ADOPTED IN FULL**.

2. The petition for writ of habeas corpus is **GRANTED** on Ground Four.
3. Respondents are directed to **IMMEDIATELY RELEASE** Petitioner from custody under appropriate conditions of supervision.
4. Respondents are **ENJOINED AND RESTRAINED** from re-detaining Petitioner pursuant to 8 C.F.R. § 241.13(i)(2) unless there are material changed circumstances and a neutral decisionmaker determines that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future.[2]
5. The Clerk of Court is directed to serve the Golden State Annex with a copy of this Order.
6. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: _October 20, 2026_

UNITED STATES DISTRICT JUDGE

[2] This does not preclude Respondents from re-detaining Petitioner for an additional six months pursuant to 8 U.S.C. § 241.13(i)(1) should Petitioner once again violate the terms of his release. +